**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| WILLIAM WOODS | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: _____ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| COMBE INCORPORATED; COMBE | ) | |
| PRODUCTS, INC.; COMBE | ) | |
| LABORATORIES, INC.; | ) | |
| COMBE INTERNATIONAL LLC | ) | |
| f/k/a COMBE INTERNATIONAL LTD. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, William Woods by and through his undersigned counsel, bring this action against Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., Combe International, LLC:

**NATURE OF THE ACTION**

1.     This is an action for damages suffered by Plaintiff William Woods as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the hair care products and hair dyes known as Just For Men® and/or other Just For Men® branded products herein collectively referred to as Just For Men®.

2.     Just For Men® hair care products and dyes are manufactured and/or sold by Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LLC, (formerly known as Combe International LTD).

1

3.     At all times relevant hereto, Just For Men® was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by the Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LLC.

## PARTIES, JURISDICTION, AND VENUE

4.     The Plaintiff, William Woods, is and was at all times relevant hereto, a resident of Duval County, Florida.

5.     Plaintiff William Woods shall herein be referred to as "Plaintiff."

6.     Defendants marketed, promoted, and sold Just For Men® hair care products and dyes throughout the United States and the State of Florida.

7.     The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

8.     This Court has personal jurisdiction over the Defendants pursuant to and consistent with Florida's long arm statute (Fla. Stat. § 48.193) and the Constitutional requirements of Due Process in that the Defendants, acting through their agents or apparent agents, committed one or more of the following:

    a.  The transaction of any business within the state;

    b.  The making of any contract within the state;

    c.  The commission of a tortious act within this state; and

    d.  The ownership, use, or possession of any real estate situated within this state.

9.     Requiring Defendants to litigate these claims in Florida does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution. Defendants derive substantial revenue from the sale of their products within the state of Florida. All of Plaintiff's claims arise in part from conduct Defendants purposely directed to Florida

including but not limited to the sale and marketing of their products.

10.     Defendant Combe Incorporated is a Delaware corporation which has its principle place of business at 1101 Westchester Ave., White Plains, New York 10604.

11.     At all times relevant hereto the Defendant Combe Incorporated was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

12.     Upon information and belief, at all relevant times, Defendant Combe Incorporated was present and doing business in the State of Florida.

13.     At all relevant times, Defendant Combe Incorporated, transacted, solicited, and conducted business in the States of State of Florida and derived substantial revenue from such business.

14.     At all times relevant hereto, Defendant Combe Incorporated expected or should have expected that its acts would have consequences within the United States of America, and the State of Florida in particular.

15.     Defendant Combe Products, Inc. is a Delaware corporation which has its principle place of business at El Duque Industrial Park Carr. 971 Calle A, Naguabo, Puerto Rico 00718.

16.     At all times relevant hereto Defendant Combe Products, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

17.     Upon information and belief, at all relevant times, Defendant Combe Products, Inc. was present and doing business in the State of Florida.

18.     At all relevant times, Defendant Combe Products, Inc. transacted, solicited, and conducted business in the State of Florida and derived substantial revenue from such business.

3

19.     At all times relevant hereto, Defendant Combe Products, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Florida in particular.

20.     Defendant Combe Laboratories, Inc. is an Illinois corporation which has its principle place of business at 200 Shellhouse Dr., Rantoul, IL 61866.

21.     At all times relevant hereto, Defendant Combe Laboratories, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

22.     Upon information and belief, Defendant Combe Laboratories, Inc was specifically engaged in the business of product returns, packaging and repackaging, research, and product testing for Defendants' Just for Men® hair care and dye products.

23.     Upon information and belief, at all relevant times, Defendant Combe Laboratories, Inc. was present and doing business in the State of Florida.

24.     At all relevant times, Defendant Combe Laboratories, Inc. transacted, solicited, and conducted business in the State of Florida and derived substantial revenue from such business.

25.     At all times relevant hereto, Defendant Combe Laboratories, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Florida in particular.

26.     Defendant Combe International LLC is a Delaware corporation which has its principal place of business at 1101 Westchester Ave., White Plains, New York 10604.

27.     At all times relevant hereto Defendant Combe International LLC was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

28.     Upon information and belief, at all relevant times, Defendant Combe International LLC was present and doing business in the State of Florida.

29.     At all relevant times, Defendant Combe International LLC, transacted, solicited, and conducted business in the State of Florida and derived substantial revenue from such business.

30.     At all times relevant hereto, Defendant Combe International LLC expected or should have expected that its acts would have consequences within the United States of America, and the State of Florida in particular.

31.     This Court has personal jurisdiction of the Defendants because the Defendants transact business and the wrongs complained of herein arose in Florida, and specifically in the Middle District of Florida.

## FACTUAL ALLEGATIONS

32.     Combe Defendants developed, designed, formulated, manufactured, packaged, labeled, advertised, marketed, instructed on and warned about, distributed and sold Just For Men® hair care and dye products since at least 1987.

33.     Just For Men® is a cosmetic hair care dye intended to improve appearance and alter hair and facial hair color.

34.     Even if used as directed, Combe Defendants failed to adequately warn against the negative effects and risks associated with this product including, but not necessarily limited to, long term usage and the cumulative effects of long-term usage, all discussed elsewhere in this Complaint.

35.     Defendants knew or should have known that Just For Men® products create an unnecessary risk of burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries with use including, but not limited to, prolonged and cumulative usage.

36.     In omitting, concealing, and inadequately providing critical safety information regarding the use of Just For Men® in order to induce its purchase and use, Defendants engaged in and continue to engage in conduct likely to mislead consumers including Plaintiff. This conduct is fraudulent, unfair, and unlawful.

37.     Combe Defendants, the self-proclaimed "champions of facial hair," knew or should have known that Just For Men® created an increased risk of injury but Combe Defendants failed to disclose to consumers, including Plaintiff, the risk of injury, rates of adverse reaction, and other problems known to Combe Defendants.

38.     Combe Defendants boast that Just For Men® products are backed by "three decades of research and have delivered great results over 50 million times" despite the knowledge that thousands of consumers a year are severely and permanently injured by their Just For Men® products. Further, this statement is inaccurate, misleading, and not supported by any scientific facts or knowledge.

39.     Defendants knew or should have known that the chemicals in their Just For Men® products, including, but not limited to, p-Phenylenediamine (herein "PPD"), are associated with health risks yet, Defendants did not adequately warn consumers, including Plaintiff.

40.     Just For Men® is permanent hair coloring which utilizes oxidation in the dying process.

41.     The EPA lists several links between PPD and several acute and chronic injuries including but not limited to:

    a.  Severe dermatitis;

    b.  Renal failure;

    c.  Acute Contact Dermatitis;

    d.  Vitiligo;

    e.  Convulsions and comas; and

    f.  Eczematoid contact dermatitis;

42.    Defendants fail to warn about several of the conditions listed in the preceding paragraph. To the extent there is any warning as to the conditions listed above, that warning is inadequate and improperly downplays the substantial risk posed by the product.

43.    A 2006 article published in the Journal of Toxicology and Environmental Health found a link in at least one study between hair dyes and certain cancers including bladder cancer, non-Hodgkin's lymphoma, and blood cancers such as myeloma and leukemia.

44.    In 2006, PPD was named allergen of the year by the American Contact Dermatitis Society.

45.    PPD is one of five substances listed as a "strong sensitizer" by the Consumer Product Safety Commission.

46.    As defined by 16 CFR 1500.13, "strong sensitizer" substances have a significant potential for causing hypersensitivity.

47.    Throughout Europe PPD is widely known as an "extreme sensitizer."

48.    Defendants place no restrictions concerning cumulative or repeated use of their products or PPD on their packaging despite the known risks of repeated exposure to their products and PPD.

49.    Defendants knew or should have known that more than 5% of the population will have an adverse reaction to PPD, yet, Defendants concealed and withheld this information from the public.

50.     PPD has been linked to severe and sudden allergic reactions including serious skin irritation, anaphylaxis and even death.

51.     Defendants do not properly warn consumers on their product labels, inserts, or marketing materials that PPD in Just For Men® Products can cause anaphylaxis and death.

52.     Defendants knew or should have known about the increased risk created by cumulative use, but Defendants failed to put instructions or warnings related to such use or the number of times a person could use their Just For Men® products safely.

53.     Although, consistent with 21 U.S.C. 361(a), Defendants instruct users to conduct a preliminary test to help determine whether a user will have an adverse reaction to Defendants' product, the preliminary test Defendants recommend and the directions and instructions for its administration are inadequate.

54.     Defendants recommend a self-applied "skin patch test" on a consumer's arm prior to use. Defendants recommend this test despite knowing that facial skin is more sensitive and may react differently than the arm or other parts of the body. Defendants provide no guidelines on how to test their Just For Men® products on a consumer's face prior to use.

55.     Defendants knew or should have known that their skin patch test is an inadequate method to determine if a user will have an adverse reaction to PPD.

56.     The universal standard for identifying skin allergies, including acute contact dermatitis to PPD, is the patch test which is administered and monitored by a dermatologist or similar trained medical professional over 7-10 days.

57.     During a patch test, a trained medical professional places small quantities of known allergens on the patient's back. The test areas are then covered with special hypoallergenic adhesive tape, so the patches stay in place undisturbed for 48 hours.

58. Generally, a patch test administered by a medical professional requires two to three appointments so that the reactions can be carefully monitored by the dermatologist.

59. Despite the knowledge that more accurate patch tests conducted by trained medical professionals are done over the course of several days or even weeks, Defendants wrongly and negligently fail to advise Just For Men ® consumers of the benefits of having a patch test done by a medical professional.

60. In December 2007, the European Commission Scientific Committee on Consumer Products released an Opinion titled "Sensitivity to Hair Dyes – Consumer Self Testing." The Committee concluded that at home skin tests, given for the purpose of providing an indication as to whether an individual consumer may or may not have a contact allergy to hair dye chemicals, were unreliable. The committee specifically found that:

   a. Self-Testing leads to misleading and false-negative results thus giving individuals who are allergic to hair dye substances the false impression that they are not allergic and not at risk of developing an allergic reaction by dyeing their hair;

   b. There is a potential risk that "self-tests" result in induction of skin sensitization to hair dye substances;

   c. The self-test recommendations were not standardized and uncontrolled allowing for large variations in dose, number of applications, and duration of exposure;

   d. False negative results from self-testing are considered to be the largest problem;

   e. 48 hours known to be too short as patch test reactions may develop up to seven days after application;

   f. Self-test locations on the arm or behind the ear are not reliable, while patch testing done on the back is good for reproducibility; and

9

g.   Self-tests are not performed or observed by trained observers.

61.   Defendants do not warn or disclose that self-testing, such as the test recommended by Defendants, is not as effective or reliable as a doctor performed test as described elsewhere in this Complaint.

62.   Nowhere on their product packaging or inserts, webpage, or marketing materials do Defendants recommend that consumers undergo a patch test with a dermatologist before using Just For Men® products.

63.   Defendants advise that a consumer "not wash, cover, or disturb the test area for 48 hours." The burden to comply with Defendants' version of an allergy test is too high and essentially unfeasible. The risk of accidental contamination renders the "test" useless.

64.   For example, during Defendants' version of an allergy test, for two days, Consumers are unrealistically expected to:

a.   Not shower;

b.   Not wear long sleeve shirts;

c.   Not accidently rub against anything;

d.   Not sweat; and

e.   Not close the elbow.

65.   Defendants knew or should have known that a percentage of consumers would have an allergic reaction to their products but fail to advise consumers to undergo proper allergy testing before using their products.

66.   Despite knowing that a certain percentage of the population would have an allergic reaction to their products, Defendants failed to warn or disclose such rates of reaction to consumers and the public in general.

10

67.     Defendants knew or should have known that their recommended skin patch test is inadequate to accurately identify potential reactions to their products.

68.     Defendants, knew or should have known that their test was not adequate because:

a.     The instructions and directions for use did not disclose that Defendants' at-home test was not a substitute for a patch-test administered or monitored by a trained medical professional and that more accurate results could be obtained by a test administered by a trained medical professional;

b.     The risk that the test would be performed in the wrong area;

c.     The risk that the amount of product used would be wrong;

d.     The arm is not the appropriate location for a skin allergy test;

e.     The risk of false negatives or false positives is high;

f.     The area that is tested is not covered or protected during the test; and

g.     The risk that the product would be disturbed by clothing or daily activities is high.

69.     Consumers, including Plaintiff, detrimentally relied on Defendants' instructions and patch test.

70.     Defendants knew or should have known that it is highly unlikely that a consumer would be able to perform Defendants' version of the patch test properly and obtain reliable results.

71.     In addition, Defendants know or should have known that sensitization to PPD during a skin patch test is likely to occur in a certain percentage of the population.

72.     When sensitization occurs during a patch test, the consumer will have a late reaction to the PPD more than 48 hours, or not at all, after exposure rendering Defendants testing procedure useless.

73.     Due to sensitization during a patch test, it is possible for consumers to have a negative skin patch test result and still have a severe reaction to Defendants' products including but not limited to Just For Men®.

74.     Despite this, Defendants do not warn or disclose the risks of sensitization during a skin patch test.

75.     Defendants provide inadequate instructions on how to combine the Color Base and Color Developer before application. Defendants use ambiguous words such as "small" and "equal" parts but provide no tools or methods to measure the actual amount of each chemical or to ensure that equal amounts are being applied.

76.     Defendants provide no instructions on what is meant by a "small" amount of chemicals leaving the consumer to guess at the proper testing procedure.

77.     Without precise measuring tools, it is impossible to determine if "equal" amounts of each chemical are being mixed for application.

78.     Even if the product's patch test was adequate and reliable, which it is not, the vague, ambiguous, and inadequate instructions for its use render the test inadequate at best and useless at worst.

79.     Defendants fail to warn or disclose the probability that a user will have an adverse reaction to Just For Men®.

80.     Defendants spend millions of dollars to advertise nationally via television and internet, but do not warn about any adverse reactions on their website or their television commercials.

81.     Defendants do not have any information about adverse reactions or any warning or precautions in their FAQ section on their website. In fact, their website is completely devoid of

safety information or information related to adverse reactions regarding their Just For Men®
products.

82.     There are safer and cheaper alternatives to PPD available to Defendants for use in
Just For Men® products. However, despite the known risks of PPD, Defendants continue to use
PPD in their products.

83.     Safer known alternatives include but are not limited to:

    a.  Henna based hair dyes;

    b.  Para-toluenediamine sulfate hair dyes; and

    c.  Other semi-permanent dyes.

84.     These safer alternatives greatly decrease or even eliminate the risk of adverse
reactions caused by PPD containing products as discussed in this Complaint. Furthermore, these
alternative formulations also achieve the desired result of dying and/or coloring an individual's
hair.

85.     Defendants fail to warn about or disclose the true nature and extent of the risk of
serious adverse reactions posed by Just For Men® products in the general population of users or
consumers.

86.     Defendants also fail to warn or disclose that certain colors of Just For Men®
products contain an increased amount of PPD posing a greater risk of an adverse reaction for
consumers who use those particular colors.

87.     Furthermore, Defendants fail to warn or disclose that African American consumers
are at an even higher risk of an acute reaction to PPD than those of Caucasian descent.

88.     Indeed, in 2001 a study performed by the Cleveland Clinic concluded that the
sensitization rate of PPD in African American users overall (men and women) was 10.6% versus

4.5% in Caucasians. The study further concluded that the sensitization rate of PPD in African American men in particular was 21.2% compared to 4.2% in Caucasians.

89.     Just For Men® has an unacceptable and unreasonable rate of adverse reaction as to the general population, which unacceptable and unreasonable rate of adverse reaction is even higher in certain population groups, such as African American men.

90.     Despite knowing that the overall population of consumers were already at an increased risk of experiencing an adverse reaction to PPD, and that African American men in particular were five times as likely to experience an adverse reaction to PPD, Defendants aggressively targeted the African American community in their marketing and advertising.

91.     In addition, other scientific studies have found increased sensitization rates to predominately dark-haired populations including 11.5% in India and 15.2% in Spain.

92.     In fact, PPD is now known as one of, if not the most, common allergens in the African American population, even rivaling nickel which is the leading cause of Allergic Contact Dermatitis ("ACD") in the world.

93.     Defendants knew or should have known that consumers were at a greater risk of experiencing an adverse reaction while using PPD compared to other hair dye products, and Defendants knew or should have known that consumers with darker hair, including but not limited to African Americans, were at an even greater risk of experiencing an adverse reaction to PPD.

94.     Despite this knowledge, Defendants failed to warn or disclose to their consumers that they were exposed to a significantly increased risk of suffering an adverse reaction.

95.     Defendants also knew or should have known that there is a substantial likelihood of serious bodily injury when using Just For Men® because it contains PPD. However, Defendants failed to warn or disclose this to consumers and the public in general.

96.     Instead, Defendants represented that their product was safe and effective when used as directed even though Defendants knew or should have known that their 48-hour allergy test was flawed and ineffective.

97.     Defendants also failed to warn or disclose to consumers and the public in general that African Americans are more than two times as likely to have a severe reaction to their products as other consumers, and that African-American men are four to five times more likely to have such a reaction.

98.     Defendants' warning label for Just For Men® inadequately addresses and warns of potential adverse health risk associated with the use of the product, as set forth in this Complaint. Even when such risks are mentioned, they are minimized and downplayed, further reducing the utility, if any, of the products' warnings.

99.     Defendants actively marketed Just For Men® to consumers knowing that it would cause serious and severe reactions to consumers and failed to warn or disclose this fact to consumers and the public in general.

100.    Defendants have an internal claims process in place to obtain liability releases and compensate consumers who are injured by Just For Men® products.

101.    Defendants' claim process is in place to cover up any problems associated with their Just For Men® products and prevent consumers who are injured from taking legal action.

102.    Plaintiff is unaware of a single clinical trial or study performed by Defendants related to the injury rate and/or safety of any of their Just For Men® products.

103.    Defendants have a duty to monitor the safety of their products and it is reasonable for them to conduct multiple clinical trials and/or studies related to the safety of their Just For Men® products; however, they have failed to do so.

104.    Defendants knew or should have known of the high number of adverse reactions and injuries related to their Just For Men® products from a multitude of sources, including but not limited to their internal claims process, making their failure to conduct any studies or clinical trials particularly egregious.

## PLAINTIFF'S USE OF JUST FOR MEN

105.    Plaintiff, William Woods, is and was at all times alleged herein a citizen of the State of Florida and currently resides in Duval County, Florida and brings this action in his individual capacity.

106.    Plaintiff William Woods purchased Just For Men® in or about July 2017. Plaintiff William Woods applied Just For Men® as directed in or about November 2017. On or about November 4, 2017, Plaintiff William Woods suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing/weeping, sore/blisters, burning, contact dermatitis,

107.    Plaintiff William Woods' injuries were so severe, he required emergency medical treatment.

108.    Plaintiff William Woods now suffers from permanent skin discoloration as a result of the injuries sustained after using Just For Men®.

109.    As alleged herein, as a direct and proximate result of Defendants' negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Just For Men®, Plaintiff has suffered severe physical injuries. Plaintiff has endured substantial pain, suffering and embarrassment. Plaintiff has incurred significant expenses for medical care and treatment and will continue to incur such expenses in the future. Plaintiff has suffered, and will continue to suffer economic loss, and have otherwise been physically, emotionally and economically injured.

Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks damages from Defendants as alleged herein.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

110.   Plaintiff incorporates by reference paragraphs 1-109 of this Complaint as if fully set forth herein and further alleges as follows:

111.   Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®, including a duty to insure that Just For Men® did not pose a significantly increased risk of injury to Plaintiff and other consumers.

112.   Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®. Defendants knew or should have known that hair dye that is marketed to be used on a regular basis to improve cosmetic appearance presents a risk of severe injuries, including burns, weeping, sores, oozing, scarring and other permanent skin reactions therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, and therefore was not safe for use by Plaintiff or other consumers.

113.   Defendants failed to exercise reasonable care in the manner and method by which it warned users of the risks associated with use of Just For Men ®, for the reasons set forth in this Complaint.

114.   Defendants failed to exercise reasonable care in the patch test it chose to include with this product, and further failed to exercise reasonable care in the instructions as to how to conduct the patch test, all as set forth elsewhere in the Complaint.

115.    Despite the fact that Defendants knew or should have known that Just For Men®
could cause severe reactions in consumers and therefore giving rise to pain and suffering,
debilitation, and the need for medical treatment including possible surgery and further
complications, Defendants continued to market Just For Men® as a safe and effective hair dye

116.    Despite the fact that Defendants knew or should have known that Just For Men®
could cause severe reactions in consumers and therefore giving rise to pain and suffering,
debilitation, and the need for medical treatment including possible surgery and further
complications, Defendants failed to use ordinary care in warning Plaintiff and other consumers
of this risk.

117.    As a direct and proximate result of Defendants' negligence, Plaintiff has
suffered significant damages, including but not limited to physical injury, pain and suffering and
further treatment and will continue to suffer such damages in the future.

118.    In taking the actions and omissions that caused these damages, Defendants were
guilty of malice, oppression and fraud.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum
in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such
other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

119.    Plaintiff incorporates by reference each and paragraphs 1-109 of this Complaint as
if fully set forth herein and further alleges as follows:

120.    Defendants expressly warranted that Just For Men® was a safe and effective hair
dye.

121.   Defendants expressly warrant that their product is safe and effective and that Just for Men® products "are backed by over three decades of research and have delivered great results over 50 million times."

122.   The Just For Men® manufactured and sold by Defendants did not conform to these express representations because it caused serious injury to Plaintiff when used as recommended and directed.

123.   Plaintiff asserts that Fla. Stat. § 672.316 is not applicable.

124.   As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

125.   Plaintiff incorporates by reference paragraphs 1-109 of this Complaint as if fully set forth herein and further alleges as follows:

126.   At the time Defendants designed, manufactured, marketed, sold, and distributed Just For Men® for use by Plaintiff, Defendants knew of the use Just For Men® was intended for and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling and marketing were sufficient.

127.   Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether Just For Men® was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

19

128.     Contrary to such implied warranty, the Just For Men® was not of merchantable quality or safe for its intended use, because the product was unreasonably dangerous and defective as described above.

129.     Defendants' actions constitute violations of Fla. Stat. § 672.314 because the Just For Men® product that the Defendant designed, manufactured, marketed, sold, and distributed was not merchantable. Defendants violations of Fla. Stat. § 672.314 include but in no way are limited to:

      a.   Just For Men® used by Plaintiff were not fit for the ordinary purpose for which it was used as safe and effective hair care product in violation of Fla. Stat. § 672.314(2)(c);

      b.   Just For Men® used by Plaintiff were not adequately labeled in violation of Fla. Stat. § 672.314(2)(e).

130.     Further, Just For Men® sold by Defendants was not fit for the purpose of providing safe and effective hair care in violation of Fla. Stat. § 672.315.

131.     Plaintiff asserts that Fla. Stat. § 672.316 is not applicable.

132.     As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

20

## FOURTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING

133.   Plaintiff incorporates by reference paragraphs 1-109 of this Complaint as if fully set forth herein and further alleges as follows:

134.   The Just For Men® manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

135.   As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages, and economic loss and will continue to suffer such harm.

136.   Upon information and belief, one or more "lots" and/or "batches" of Just For Men® were defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

137.   Upon information and belief, Plaintiff purchased and was injured by one or more of the "lots" and/or "batches" of Just For Men® that was defectively manufactured by Defendants.

138.   Additional information concerning any defective manufacture is in the exclusive custody and control of the Defendants.

139.   As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DESIGN DEFECT

140.   Plaintiff incorporates by reference paragraphs 1-109 of this Complaint as if fully set forth herein and further alleges as follows:

141.   Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of hair care products and hair dyes including Just For Men®.

142.   The Just For Men® manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect.

143.   The Just For Men® that Plaintiff used had not been materially altered or modified prior to Plaintiff's use.

144.   The foreseeable risks associated with the design or formulation of Just For Men®, include, but are not limited to, the fact that the design or formulation of Just For Men® is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

145.   Just For Men® is also defectively designed as defined by common law because it contains the unreasonably dangerous ingredient PPD, though there are reasonably safer, and effective alternatives to hair dye that do not contain PPD.

146.   Just For Men® is also defectively designed because it causes an unreasonably high rate of adverse dermatological and other reactions in the general populace and to darker skinned

22

populations, specifically, including African-Americans.

147.   Just For Men® is also defectively designed because the patch test selected by Defendants, and the method by which Defendants have chosen to instruct users to conduct the patch test, is unreasonable, unsafe, unreliable, and ineffective,

148.   Just For Men® is also defectively designed because the patch test, and the method by which Defendants have chosen to instruct users to conduct it, imposes unreasonable and unrealistic standards on users, greatly limiting the effectiveness of the tests, if any. These problems include but are not limited to, the unreasonable instruction to leave the tested area of skin uncovered and undisturbed, when the risk of contamination is unreasonably high.

149.   Just For Men® is also defectively designed because its cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

a.   Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

b.   Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

c.   Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

d.   Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

e.   Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

f.   Just For Men® products fail to advise users that the patch test, as Defendants

23

have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

150.    As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

151.    As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILTY – DEFECT DUE TO INADEQUATE WARNING

152.    Plaintiff incorporates by reference paragraphs 1-109 of this Complaint as if fully set forth herein and further alleges as follows:

153.    The Just For Men® manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers and they failed to adequately warn consumers and/or their health care providers of such risks as follows:

    a.    Defendants knew or, in the exercise of reasonable care, should have known that hair care products and dyes such as Just For Men® that are marketed to be used repeatedly as a cosmetic hair product present a risk of severe reactions and permanent scarring and other adverse reactions in large numbers;

b.  Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of injuries from use and repeated use of Just For Men®, in light of the likelihood that the product would cause the harm claimed by Plaintiff and in light of the likely seriousness of that harm.

154.  Defendants, as manufacturers of Just For Men®, are held to the level of knowledge of an expert in the field of that type of hair care product, and had a duty to warn its consumers of the dangers associated with Just For Men® and failed to do so.

155.  Defendants failed to reasonably or adequately warn users of this risks of Just For Men® for the following reasons, among others:

a.  Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

b.  Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

c.  Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

d.  Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

e.  Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

f.  Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability,

sensitization, and effectiveness, among others problems.

156.    The Just For Men® manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm, as set forth herein, from the use of Just For Men®, Defendants failed to provide an adequate warning to consumers of the product, knowing the product could cause serious injury as set forth herein.

157.    Plaintiff read and followed the deficient instructions and directions that were provided with Defendants Just For Men® products. As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

158.    As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY DUE TO NON-CONFORMANCE WITH REPRESENTATIONS

159.    Plaintiff incorporates by reference paragraphs 1-109 of this Complaint as if fully set forth herein and further alleges as follows:

160.    As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men® hair dye, and minimized and downplayed

those risks they chose to disclose

161.    The Just For Men® manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product.

162.    These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiff.

163.    As a direct and proximate result of Plaintiff's use of the Just For Men® and his reliance on Defendants' representations regarding the safety of Just For Men®, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

164.    As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### EIGHTH CAUSE OF ACTION
### NEGLIGENT REPRESENTATION AND FRAUD

165.    Plaintiff incorporates by reference paragraphs 1-109 of this Complaint as if fully set forth herein and further alleges as follows:

166.    As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men ® hair dye, and minimized and downplayed those risks they chose to disclose.

27

167.    These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiff.

168.    When Defendants made these material representations, they knew that they were false, and Defendants made the material representations recklessly without any knowledge of their truth and a positive assertion.

169.    Defendants had actual knowledge based upon studies, published reports and clinical experience that its product, Just For Men® created an unreasonable risk of serious bodily injury yet Defendants negligently misrepresented to Plaintiff that its hair dyes were safe and met all applicable design and manufacturing requirements.

170.    Defendants made these false, material representations with the intention of inducing buyers, including Plaintiff, to act by purchasing the Just For Men® by appealing to the buyers' desire to improve their appearance.

171.    Plaintiff acted in justifiable reliance on these material representations made by the Defendants in that he purchased Just For Men® specifically under the belief that they would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

172.     As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiff used Just For Men® and suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

173.    Defendants' actions and omissions as identified in this Complaint demonstrate a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## NINTH CAUSE OF ACTION
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

174.   Plaintiff incorporates by reference paragraphs 1-109 of this Complaint as if fully set forth herein and further alleges as follows:

175.   Defendants have a statutory duty to refrain from unfair or deceptive acts or trade practices in the design, development, manufacture, promotion, and sale of Just For Men®.

176.   Had the Defendants not engaged in the deceptive conduct described herein, Plaintiff would not have purchased and/or paid for Just For Men® and would not have incurred related medical costs.

177.   Specifically, Plaintiff was misled by the deceptive conduct described herein.

a)   Defendants' deceptive, unconscionable, or fraudulent representations and material omissions to consumers, including Plaintiff, constituted unfair and deceptive acts and trade practices in violation of the Florida consumer protection statute, Fla. Stat. §§ 501.201 *et seq.*

178.   Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiff for Just For Men® that he would not have paid had Defendants not engaged in unfair and deceptive conduct.

b)   Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive, or fraudulent acts or trade practices in violation of Fla. Stat. §§ 501.201 *et seq.* (Deceptive and Unfair Trade Practices).

179.   Plaintiff was injured by the cumulative and indivisible nature of Defendants' conduct. The cumulative effect of Defendants' conduct directed at consumers was to create a

demand for and sell Just For Men®. Each aspect of Defendants' conduct combined to artificially create sales of Just For Men®.

180.    Consumers relied upon Defendants' misrepresentations and omissions in determining which hair dye product to purchase.

181.    By reason of the unlawful acts engaged in by Defendants, Plaintiff has suffered ascertainable loss and damages.

182.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged by paying in whole or in part for Just For Men®.

183.    As a direct and proximate result of Defendants' violations of Florida's Deceptive and Unfair Trade Practices Act, Plaintiff has sustained economic losses and other damages for which they are entitled to statutory and compensatory damages, and declaratory relief, in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## PRESERVATION CLAIMS

184.    Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs 1-183, as though fully set forth herein.

185.    Many States have recently enacted tort reform statutes with "exclusive remedy" provisions. Courts have yet in full to determine whether these exclusive remedy provisions eliminate or supersede state common law claims and to what extent. If during the pendency of this action this court makes any such determination, Plaintiff hereby specifically make claim to and preserves any State claim based upon any exclusive remedy provision, under any state law this

court may apply, to the extent not already alleged above.

186.    To the extent that Defendants may claim that one or more of Plaintiff's claims are barred by the applicable statute of limitations, Plaintiff asserts that the statute of limitations is and has been tolled by, inter alia, Plaintiff's discovery that his injuries were caused by Defendants' defective product and failure to properly and adequately warn of the products' risks, all as more fully set forth in this Complaint, after the injury sustained by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, William Woods, prays for the following relief:

A.  Trial by Jury;

B.  Judgment in favor of Plaintiff and against all Defendants, for all damages in such amounts as may be proven at trial;

C.  Compensation for non-economic losses, including, but not limited to medical expenses, disfigurement, pain and suffering, mental anguish and emotional distress, in such amounts as may be proven at trial;

D.  Restitution and disgorgement of all revenue that Defendants have obtained through the manufacture, marketing, and sale of Just For Men®;

E.  Attorney's fees and costs;

F.  Pre and post-judgment interest; and

G.  Any and all further relief, both legal and equitable, that the court may deem just and proper.

Dated: January 31, 2019

> Respectfully submitted,
>
> /s/ *Joseph A. Osborne*
> Joseph A. Osborne, Esquire
> Florida Bar No: 880043
> OSBORNE & FRANCIS LAW FIRM
> 433 Plaza Real Suite 271
> Boca Raton, FL 33432
> (561) 293-2600; Fax: (561) 923-8100
> josborne@realtoughlawyers.com
> rbell@realtoughlawyers.com
> tcoe@realtoughlawyers.com
>
> *Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all of the triable issues with this Complaint.

Dated: January 31, 2019

> /s/ *Joseph A. Osborne*
> Joseph A. Osborne, Esquire
> Florida Bar No: 880043
> OSBORNE & FRANCIS LAW FIRM
> 433 Plaza Real Suite 271
> Boca Raton, FL 33432
> (561) 293-2600; Fax: (561) 923-8100
> josborne@realtoughlawyers.com
> rbell@realtoughlawyers.com
> tcoe@realtoughlawyers.com
>
> *Attorney for Plaintiff*